*193 Lanzinger, J.,
dissenting.
{¶ 42} Because I would hold that the imposition of juvenile-offender-registrant status under R.C. 2152.82 or 2152.83(B) and the corresponding registration and notification requirements that continue beyond the offender’s reaching the age of 21 violates the offender’s due-process rights, I respectfully dissent.
{¶ 43} The complaint in this case charged D.S. with two counts of gross sexual imposition (“GSI”), which would be third-degree felonies if committed by an adult, and one count of public indecency, which would be a second-degree misdemeanor if committed by an adult. See R.C. 2907.05(C)(2) and 2907.09(C)(4). Each of the GSI counts alleged that when he was 13 or 14 years old, D.S. rubbed his penis on the buttocks of a child approximately eight or nine years old, touching the skin of the child’s buttocks. The complaint did not allege that any force or penetration occurred. D.S. admitted to and was found delinquent on the two GSI charges.
{¶44} As the majority explains in its analysis, the question whether the imposition of juvenile-offender-registrant status and the corresponding registration and notification requirements that continue beyond the age of 21 violates an offender’s due-process rights must be decided in light of our decisions in State v. D.H., 120 Ohio St.3d 540, 2009-Ohio-9, 901 N.E.2d 209, and In re C.P., 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729. But while the majority concludes that the nature of the registration at issue in this case is close to the blended sentence in D.H., I believe that the due-process concerns triggered in this case are distinguishable from those raised in both D.H. and C.P.
{¶ 45} In D.H., the juvenile court designated D.H. as a serious youthful offender (“SYO”) and included in its disposition a discretionary adult sentence. D.H. at ¶ 9-11. The statute governing SYO sentences, R.C. 2152.13, carries a number of procedural protections, including the right to a grand-jury determination of probable cause as well as an open and speedy trial by jury. R.C. 2152.13(C)(1). A juvenile detained while awaiting adjudication is entitled to the same right to bail as an adult charged with the offense alleged. R.C. 2152.13(C)(2). Further, the Criminal Rules and all other rights afforded to adult criminal defendants, including an unwaivable right to counsel and the right to raise the issue of competency, apply during the adjudicatory process of the juvenile’s case. Id.
{¶ 46} In considering the blended sentencing of the SYO in D.H., we emphasized the protections provided to the juvenile during the important adjudicative phase: “The jury plays an important role in the adjudicative portion of Ohio’s serious-youthful-offender disposition statutory scheme. Only the jury’s factual determination makes the juvenile defendant eligible for a disposition that might *194 include a stayed adult sentence.” D.H. at ¶ 58. We concluded that these protections were not required to provide due process to D.H. when a blended sentence was imposed during the dispositional phase, stating that the “court’s dispositional role is at the heart of the remaining differences between juvenile and adult courts.” Id. at ¶ 59.
{¶ 47} In C.P., we determined that the imposition of an automatic, lifetime requirement of sex-offender registration and notification undercuts the rehabilitative purpose of Ohio’s juvenile system, eliminates the important role of the juvenile court’s discretion in the disposition of juvenile offenders, and accordingly fails to meet the due-process requirement of fundamental fairness. C.P., 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, at ¶ 85. C.P., like D.H., was designated an SYO, but we distinguished the case based on the fact that the mandatory classification required by R.C. 2152.86 removed the juvenile court’s ability to exercise its important role in rehabilitation. Id. at ¶ 7, 75-78.
{¶ 48} As we explained in C.P., “fundamental fairness is not a one-way street that allows only for an easing of due process for juveniles; instead, fundamental fairness may require, as it does in this case, additional procedural safeguards for juveniles in order to meet the juvenile system’s goals of rehabilitation and reintegration into society.” Id. at ¶ 85. These concerns are just as valid here.
{¶ 49} Our analysis in both D.H. and C.P. focused on the dispositional stage of the juvenile proceedings. There was no need for us to analyze whether the juveniles’ rights to due process were satisfied during the adjudicative stage of the proceedings because both juveniles received an SYO designation and were entitled to heightened procedural protections under R.C. 2152.13. Although neither of those cases addressed the adjudicative stage of juvenile proceedings, I believe that the due-process requirement of fundamental fairness applies to the adjudicative stage- of juvenile proceedings just as much as it applies to the dispositional stage. Because adequate procedural protections during the adjudicative stage were absent in this case, I would hold that the imposition of registration and notification requirements beyond the traditional age jurisdiction of the juvenile court violates due process.
{¶ 50} We have established that following the enactment of 2007 Am.Sub.S.B. No. 10, it is clear that the registration process imposed on sex offenders in Ohio is punitive. State v. Williams, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 16; C.P., 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, at ¶ 11. Requiring registration in cases like this imposes a sanction that extends well beyond the juvenile court’s jurisdiction. In essence, adult punishment is imposed for acts the offender committed as a child. This runs counter to what we identified in C.P. as “the juvenile system’s core emphasis on individual, corrective treatment and rehabilitation.” C.P. at ¶ 77. We have also explained that within *195 the juvenile system, punishment occurs only as a means of working toward rehabilitation:
The legislative purpose regarding [juveniles] has been laid out in R.C. 2151.01: to provide for the care, protection, and mental and physical development of children, to protect the public from the wrongful acts committed by juvenile delinquents, and to rehabilitate errant children and bring them back to productive citizenship, or, as the statute states, to supervise, care for and rehabilitate those children. Punishment is not the goal of the juvenile system, except as necessary to direct the child toward the goal of rehabilitation.
In re Caldwell, 76 Ohio St.3d 156, 157, 666 N.E.2d 1367 (1996).
{¶ 51} D.S. admitted to and was found delinquent for having sexual contact at the age of 13 or 14 with a child five years younger than he was. It was never alleged that his actions involved compulsion, force, or impairment of the younger child. For these two acts, D.S. was committed to institutionalization with the Ohio Department of Youth Services (“DYS”) for at least one year. After he was deemed fit for release, the court classified him as a juvenile sex-offender registrant for a period of 20 years. Although the juvenile court retains discretion throughout the course of the registration period to consider termination or modification of the classification, it cannot be said that requiring individuals in D.S.’s position to comply with registration requirements until they are 37 years old functions to provide for the care, protection, and mental and physical development of children or to direct children toward the goal of rehabilitation.
{¶ 52} Unlike the DYS commitment, which is tailoréd toward rehabilitation and lasts only until juvenile offenders reach the age of 21, the classification and accompanying obligations imposed beyond the age of 21 can only be viewed as adult punishment. Because this is adult punishment, the adjudicative process must include sufficient procedural protections to satisfy the due-process requirement of fundamental fairness. At minimum, those procedural protections include the rights set forth in R.C. 2152.13 that provide adequate procedural protections to juveniles facing an SYO designation. Because these procedural protections, including the right to a jury trial and the right to application of the Criminal Rules, are lacking in this case, the imposition of registration and notification requirements beyond the traditional age jurisdiction of the juvenile court violates D.S.’s due-process rights.
{¶ 53} The statutory scheme here risks becoming what the Supreme Court of the United States has deemed “the worst of both worlds,” in which the child receives “neither the protections accorded to adults nor the solicitous care and *196 regenerative treatment postulated for children.” Kent v. United States, 383 U.S. 541, 556, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). I would hold that the juvenile court’s imposition of registration and notification requirements beyond the age of 21 violates D.S.’s right to due process, and I would accordingly reverse the judgment of the court of appeals.
Timothy Young, Ohio Public Defender, and Brooke M. Burns, Assistant Public Defender, for appellant.
Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Michael J. Hendershot, Chief Deputy Solicitor, and Jeffrey Jarosch, Deputy Solicitor; and Kenneth W. Oswalt, Licking County Prosecutor, and Lia J. Meehan, Assistant Prosecuting Attorney, for appellee.
Marsha Leviek, urging reversal for amici curiae, Juvenile Law Center, Children’s Law Center, Inc., Dr. Elizabeth J. Letourneau, National Juvenile Defender Center, Nicole Pittman, Schubert Center for Child Studies, and The Association for the Treatment of Sexual Abusers.
Pfeifer and O’Neill, JJ., concur in the foregoing opinion.